**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 16, 2011

Lyle W. Cayce
Clerk

No. 11-60025
Summary Calendar

JUAN RODRIGUEZ PENCHEO,  also known as Juan Rodriguez,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 992 183

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.
PER CURIAM:[*]

Juan Rodriguez Pencheo (Rodriguez), a native and citizen of Mexico, has filed a petition for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his application for cancellation of removal under INA §240A(b), 8 U.S.C. § 1229b(b)(1).  Rodriguez entered the United States illegally in 1998.  Following a conviction for driving while intoxicated in 2001, Rodriguez voluntarily returned to Mexico after signing a "Notice of Rights and Request for Disposition" known as a Form I-826.  He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60025

then departed the United States but returned without permission shortly thereafter. The question, then, is whether this departure interrupts the continuous physical presence required under §1229b for cancellation of removal.

Rodriguez contends that he did not fully understand the terms of his voluntary return to Mexico or knowingly waive his right to an immigration hearing and that counsel was ineffective in failing to make this and other arguments to the IJ. The respondent correctly argues that Rodriguez did not exhaust these claims because he did not argue them to the BIA. *See Ramos-Torres* v. *Holder*, 637 F.3d 544, 547 (5th Cir. 2011). This court is, therefore, without jurisdiction to review those arguments. *See id.*

Rodriguez also argues that *In re Romalez-Alcaide*, 23 I. & N. Dec. 423, 424-29 (BIA 2002), on which the IJ and the BIA relied, is inapposite. He argues that under § 1229b(d)(1) and (2), his voluntary return to Mexico did not break his continuous physical presence in this country for purposes of cancellation of removal. The respondent moves for summary affirmance, or alternatively, to extend the briefing schedule.

Rodriguez's argument is foreclosed by *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 217-19 (5th Cir. 2003). A panel of this court may not reverse *Mireles-Valdez* absent circumstances that are not present in the instant case. *See United States v. Ruff*, 984 F.2d 635, 640 (5th Cir. 1993).

PETITION FOR REVIEW DENIED; MOTION FOR SUMMARY AFFIRMANCE GRANTED.